CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
APR - 1 2008
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT ROSELLE OLIVER, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:08cv00223 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NURSE S. CHURCH, et al., | ) | By: Hon. Jackson L. Kiser |
|     Defendants. | ) | Senior United States District Judge |

Plaintiff Robert Roselle Oliver, Virginia inmate number 286027, brings this pro se action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff, who is incarcerated at Red Onion State Prison ("ROSP") in Pound, Virginia, alleges that his constitutional rights were violated when he was given the wrong medication by a nurse at ROSP. He seeks unspecified, "[n]egotiable" damages and "his costs." Upon review of the record, the court concludes that the plaintiff has not stated a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[1]

Plaintiff alleges that, on one occasion – July 1, 2007 – he was given another inmate's medication, rather than his own, during the morning "pill pass." Shortly thereafter, he was given his own medication, and was informed by the nurse that the medication he had accidentally taken was Motrin[2], which his medical records indicate he has taken before "on several different occasions," and that the dose of Motrin would do him no harm. Plaintiff filed grievances[3] regarding the dose of

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

[2] "Motrin" is a trade name for "ibuprofen," an over-the-counter non-steroidal anti-inflammatory drug. See http://en.wikipedia.org/wiki/Motrin. Plaintiff's medications were "Remaron, Sudafed, Tylenol, and cholesterol medication."

[3] Plaintiff's grievances suggest that inmates' medication is crushed before it is administered; plaintiff requested that "the medical department crush all my medication in front of me before I take it." Plaintiff's
(continued...)

Motrin, and plaintiff's documentation of having exhausted his administrative remedies indicates that his grievances were determined to be "FOUNDED, as there has been incorrectly applied procedure of [the applicable] policy." Plaintiff's grievance and appeal responses informed him that no harm had been done to him by the accidental dose of Motrin, and that "[i]n the future correct procedure will be followed." Dissatisfied with this outcome in his favor, plaintiff has filed the instant suit. Plaintiff's complaint and the documents submitted in support thereof indicate that he feels he is at "[r]isk of serious or deadly harm," that he has "sustain[ed] mental and emotional distress," and that the accidental administration of a single dose of Motrin on one isolated occasion is "very unprofessional." He indicates that,

> [a]s a direct and proximate cause of the actions, inactions, negligence or fault of the Defendants I have suffered great physical pain and / or emotional distress, have received permanent injuries to my person, and have incurred and will continue to receive medical treatments, bills, and expenses in an attempt to be cured.

In order to state a cognizable claim regarding medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates

---

[3](...continued)
submissions suggest that he has filed a "motion for judgment," based on the defendants' alleged negligence, in the Circuit Court for Wise County, Virginia.

severe pain. Sosebee v. Murphy, 797 F.2d 179, 181-83 (4th Cir. 1986) (reversing summary judgment for defendants and remanding where guards knew of serious illness of plaintiff and exhibited deliberate indifference to request for medical treatment prior to inmate's death); see also Estelle, 429 U.S. at 104; Farmer, 511 U.S. at 832-35; Loe v. Armistead, 582 F.2d 1291, 1296-97 (4th Cir. 1978). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Claims regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. An inmate is not entitled to unqualified access to health care; the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977).

Plaintiff's claim must fail. In the first instance, although he may be dissatisfied that he was dispensed the wrong medicine, he cannot demonstrate that the single dose of Motrin has caused a serious injury threatening permanent disability to which defendants were allegedly deliberately indifferent. Moreover, plaintiff does not allege or even suggest that any symptoms he allegedly suffered as a result of the accidental single dosage of Motrin were so severe that he was prompted to follow through with a visit to sick call. Plaintiff's own allegations fail to suggest that he sustained a serious or significant injury because of consuming a single dosage of Motrin that was intended for another inmate. See Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir. 2003) (stating that any injury incurred from vomiting and nausea which was not so severe as to require medical intervention or have lasting health effects, was de minimis). In sum, plaintiff's claims are not

3

actionable under the Eighth Amendment.[4]

Based on the foregoing, the court finds that plaintiff has not presented any claims that constitute a violation of his constitutional rights. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[5]

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 1st day of April, 2008.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[4] The crux of plaintiff's complaint is that defendants were negligent. Plaintiff is advised that claims of negligence or medical malpractice under state law are not colorable under § 1983. See Estelle, 429 U.S. at 105-06; Wright, 766 F.2d at 849. Having determined to dismiss the plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over any claim plaintiff may purport to bring under state law. See 28 U.S.C. § 1367(c).

[5] Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

4